# EXHIBIT 1

RECEIVED

18 AUG 16 PH 4: 31

CITY OF SEATTLE
MAYOR'S OFFICE

David Zaitzeff
2811 75th Pl SE #406
Mercer Island, WA, 98040
David.zaif805.yahoo.com
Plaintiff in pro per

SUPERIOR COURT OF WASHINGTON

IN AND FOR KING COUNTY

David zaitzeff, an individual PLAINTIFF,

vs.

the city of Seattle, a municipality, in re SMC 12A.14

and SPD officer D Haag, badge #6051

Defendants

COMPLAINT AGAINST THE CITY OF SEATTLE
COMPLAINT RE SPD OFFICER HAAG #6051
CONDUCT RE HIS FRIVOLOUS INDECENT
EXPOSURE ALLEGATION

RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

1    Plaintiff David Zaitzeff, pro se, and  one unnamed possible co-plaintiff

2  alleges the following complaint for declaratory and injunctive relief against the defendant, the city of

3  Seattle:

4

5                                    The Nature of the Case

6        The RCW and the Seattle municipal code have restrictions on "indecent exposure."  The

7  wording of the law in both cases requires that, for an incident to be considered indecent exposure,

8  the person committing it must know that the exposure he or she engages in of his or her person is

9  likely to cause "reasonable affront or alarm."  These words and this definition are found in both RCW

10  9A.88.010 and in SMC 12A.10.130.  Nudity per se is not prohibited, nor is semi-nudity.

11

12        A person in the uniform and appearance of a Seattle police officer and with a business card

     identifying him as Sgt D Haag #6051, on or about Wednesday, August 1, 2018, around 3:40 p.m.
13
     committed the following acts of abuse of power and deprivation of civil rights and the suppression of
14
     art and artistic creation.
15

16        On August 1, 2018, Madison beach park (aka Madison park beach) was mostly empty and

17  considered closed for swimming due to the application of some chemical agent into the nearby

18  water.  There were few if any persons sunbathing or engaged in usual recreation and such persons

19  as were there were nearly all within 25 feet of the bathrooms.

20        Far away from this area, there was a part of the beach which was completely empty of

21  sunbathers and other persons using it, with the exception of plaintiffs and 3 friends or acquaintances

22  of plaintiffs.

23

24

25
   RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
   COMPLAINT OF INDECENT EXPOSURE

1   David Zaitzeff is an amateur photographer.  Miss J is a part-time model who desires greater

2  experience and to have a larger portfolio and exposure.  Several other photographers were also

3  present.

4   Nude and semi-nude in public is a form of art and photography which commands strong

5  public interest because of its relative scarcity.

6

7   Miss J was not nude at the time of the confrontation made by Sgt Haag of her, nor was she

8  fully nude at any point during the photography session being done at Madison park beach that

9  afternoon.

10   Miss J was topless and she was wearing, alternatively, a white thong or a black thong.  Over

11  either of these thongs and over her pubic and buttock area, she was also wearing a hip scarf with

12  dangling chains in the color of gold.

13

14   The effect was that Miss J was wearing a white thong or a black thong and partly see-

    through skirting over it.  (The hip scarf, by its wrapping, might be perceived by some people to be

15  like a skirt.)

16

17   Several photographers were at times photographing Miss J or suggesting poses for her.

18  None of the poses adopted constituted masturbation and further, none of them placed a hand

19  between the legs for a purpose of the simulation of masturbation.

20   At approximately 3:40 p.m. officer D Haag of SPD approached the group.  He said that what

21  Miss J was doing or all that was hapenning was illegal and needed to be stopped, with the

22  implication of immediately and subject to arrest or prosecution.

23

24

25

RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

When crowd participants challenged Haag with the definition of the law that IE must be an exposure that is a likely cause of reasonable affront, Haag completely denied this and rejected this, saying that, "if someone complains, it is illegal."

When crowd participants including zaitzeff asked if the session could continue with Miss J topfree but in panties that would cover more or all of her behind or pubic area with greater coverage, officer Haag denied this and rejected this, saying, "If someone complains, it is illegal."

Officer Haag offered no reasonable and negotiated solution other than for miss J to put much clothing back on. Officer Haag offered no guidance as to when or if he might consider topfree photography legal, or wearing a thong at a beach legal, other than, if someone complains, it is a crime.

However, most SPD officers and the official SPD spokespersons such as Sean Whitcomb and others know that this is not correct. A complaint of indecent exposure must be recognized objectively as a likely cause of reasonable affront rather than merely being nude, or, merely being topless, or, being in a thong that a disagreeable person regards as to skimpy.  If complaints were sufficient to shutdown a swimwear choice, we might all have our women and daughters wearing burkas, since that is the approved clothing for some cultures.

A mere complaint of irritation at a person who is semi-nude and whom one could choose not to view, from a distance of 30 or more feet, does not give grounds to believe there is "reasonable affront."

Officer Haag could have said, "Well, the law says it has to be reasonable and here is what is reasonable for this situation." He could have offered a reason for why his version of reasonable was in fact reasonable. And plaintiffs and officer Haag could have had a discussion about that and then come to an agreement or, if in substantial disagreement, later filed a suit. Instead, Haag says only,

RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS COMPLAINT OF INDECENT EXPOSURE

1   "if someone complains, it is a crime."  Of course, since the participants were using a part of the

2   beach that was empty or nearly empty and since no other persons were within 30 feet of them, there

3   would be in fact no reasonable requirement even to have insured that Jacobsen was wearing a

4   thong, which, nevertheless, in point of fact, she was.

5

6       Officer Haag could have proposed some reasonable guidelines for the plaintiffs, given the

    context, the surroundings and the law, but he did not do so.  He simply said, "Someone has

7   complained; this illegal. Stop," with the implication of arrest and prosecution if we were to not follow

8   his instructions.

9

10      Officer Haag made no allegation to plaintiffs or photographers of any masturbation, seen by

    him or alleged by anyone else.  Officer Haag made no mention to plaintiffs of full nudity, which in fact

11  did not exist.  Officer Haag made no allegation to plaintiffs, miss J or photographers of the unlikely

12  possibility of random kids across the street nearby being unpredictably offended or mentally

13  tormented by a brief and random glimpse or view of Jacobsen's behind, breasts or any other parts.

14

15      Officer Haag shut down a simple photography shoot, with multiple photographers, of a

16  woman being topless while in a thong while also wearing a hip-scarf-skirt that was partly see

17  through, with no bystanders within approximately 35 feet.

18

19      *The question before us is whether the application made by Haag of the IE law was proper

    and truly reflected the law, or if it was an obvious and egregious abuse of power.  Was this abuse of*

20  *power, done by intentionally or negligently wrongly stating the law, therefore requiring an injunction*

21  *to stop any similar abuses of the law by Haag or any others similarly situated to Haag and requiring*

22  *SPD to reiterate its policy that nudity per se does not constitute a violation of RCW or SMC and that*

23  *any complaint of a bystander be founded upon objectively observable sexual or offensive conduct.*

24

                                    Parties

25  RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
    COMPLAINT OF INDECENT EXPOSURE

1       Plaintiff Zaitzeff is a resident of the state of Washington in King County. Zaitzeff at times

2  visits and/or works in the city of Seattle.   His visits, for work or recreation or other purposes, are

3  often sidewalks, in parks, beaches, libraries and downtown areas.

4

5

6       Plaintiff Zaitzeff has ten or more female friends and acquaintances who are professional

7  models or amateur models or who are persons who are not models but who have engaged in, in the

8  past, or desire to engage in clothing optional recreation, including sunbathing at parks.

9       The erratic, unpredictable, harsh and unreasonably hard conduct and words of Haag on

10  August 1 and the possibility that other SPD officers take an unreasonably hard line on a woman

11  being topless in public chill the free speech of plaintiff zaitzeff in his communication with his friends

12  and acquaintances, for the hard line of Haag constitutes a threat of arrest against a woman being

13  topless in public, an act that is at times artistic or at times a means of protest or drawing attention to

14  one's cause.

15

16       Possible plaintiff miss J is a female model whose work or avocation is part-time.  She

17  features photographs of herself on her Instagram page and at other possible venues.  She desires to

18  have more work as a model and for her work to have greater exposure to the modelling work,

19  amateur and professional.

20       The city of Seattle is a first class city within Washington state.  The city has a police force

21  and the city of Seattle is responsible for the training and supervision of the officers of the police.

22<br>                      Factual Allegations

23  All allegations and statements found above are incorporated by reference.

24      The city of Seattle has a group of person called the commissioners, who are unpaid

25<br>RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

1  volunteers but who give the city advisory input about the parks.

2      Approximately ten years ago, the Seattle parks board of commissionners composed of

3  several members of the community had 2 meetings to discuss the wisdom or need of a dress code

4  in Seattle parks.

5      The outcome of the meetings was that a large number of residents appeared before the

6  parks commission to testify against having a dress code and in favor of having no specific dress

7  code and allowing for clothing optional activities in some locations at some venues.  The commission

8  then voted to table any further discussion on the topic and not adopt a dress code for Seattle parks.

9      Plaintiff Zaitzeff has heard the audio recordings of some or all of these commission meetings

10  of the Seattle Parks.

11      The meetings with the topic of the dress code for Seattle parks was reported upon in local

12  news media.

13      The terms reasonable or unreasonable is found in the 4th amendment to

14  the US Constitution and its meaning in any given or situation is commonly ascertained by a judge or

15  jury.  It is normal and fairly common for a court to decide whether conduct is reasonable or not in

16  any given situation, such as a search or use of force.

17      The RCW and the SMC both require in some circumstances that a judge or jury may have to

18  decide if certain conduct was likely to give cause for reasonable affront.  The law works fairly well,

19  other than in extremis, when a police officer undertakes to change the wording and meaning of the

20  law, in order to have a faster, shorter and simpler task and be quickly on his way to do other things.

21      This court therefore has a right to rule that the conduct of miss J was likely reasonable and

22  likely tolerable given the social mores of Seattle and the context and that the conduct of Haag was

23  abusive, or, in the alternative, oversee the creation of a simple guideline for

24  Seattle police when they are engaged in the questionable or abusive enforcement of SMC

25  RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

1   12A.10.130 or, rcw 9A.88.010.

2       The city of Seattle has chosen to allow or tolerate a large number of clothing optional public

3   activities, events and beaches and has done so more gradually since 2003.  As of 2018, there are

4   and have been so many that a listing of those events and venues  could easily miss some of them.

5       Notably, the city of Seattle routinely tolerates complete nudity by means of a clothing optional

6   standard at Denny-Blaine Park and Howell Park.

7       The city of Seattle has tolerated and continues to tolerate women going topfree for "Go

8   topless day" held every year in August, either at Cal Anderson park or at Greenlake, depending on

9   the year.

10      Cal Anderson park is extremely close to the East precinct station.  The topfree event of go

11  topless day in August 2015 was viewed by patrol officers from the precinct who viewed and did not

12  arrest or warn the participants, or so it is alleged.

13      There is a social change movement called "free the nipple."  Because Sea is home to large

14  number of activists and advocates of progressive social change, the "free the nipple" movement is

15  likely to have strong support in Seattle.  It is likely that a charge of indecent exposure against a

16  woman for being topfree in a park that is or was mostly empty, for photos, would be laughed out of

17  court.  The only question is whether adding her being in a thong to being topless causes the calculus

18  criminal conduct to change.  Would the jury laugh at the charge?

19      Plaintiff zaitzeff walks at Greenlake when able to do so.  Every year at Greenlake over

20  the last several years, plaintiff has observed and/or photographed one or more women casually

21  topfree, women who were nor or who did not appear to him to be modelling or part of photography

22  and who were topfree while reading a book or conversing with a friend, recreating in some other way

23  or while breastfeeding.

24      Plaintiff zaitzeff has walked at Madison beach park and at Alki regularly since mid-July 2018.

25  RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
    COMPLAINT OF INDECENT EXPOSURE

1  During that time, plaintiff has viewed six or more women at Madison park beach in a thong

2  or item worn as a thong equivalent as best he could perceive it to be.

3        Plaintiff provides a copy of the business card of Haag, provided to him by Haag at the time of

4  the confrontation.  This is attachment #1.

5        Plaintiff provides a photo of the miscreant officer going by the name of Haag in close

6  proximity to Miss J as she has finished putting on an oversized t shirt or something similar.  This is

7  attachment #2.

8        Plaintiff provides photos of several of the Madison beach sunbathing women so that the

9  court and defendants may know that, in fact, a full thong or a partial thong is worn by female

10  sunbathers every week at Madison park beach and will likely continue to be worn, even if miss J

11  were not doing a photography session with photographers, on a day such as 08/01/18, a day with

12   the beach being nearly empty.

13        These photos were all taken between 07/20/18 and 08/08/18 at Madison park beach and are

14  found as attachments #3 to #9.   Please note that walking through Madison takes less than 5

15  minutes and zaitzeff does not hover in any one place longer than a second. On Saturday and

16  Sunday zaitzeff walked through and left Madison park beach in less than 5 minutes. There are likely

17  to have been a woman or two in a thong in the hours preceeding zaitzeff's walk.

18        We may therefore say with certainty that one or more of the women sunbathers at Madison

19  wears a thong or item worn as a thong while sunbathing or recreating at Madison park beach.

20        In years prior to this year, plaintiff zaitzeff viewed and photographed at Madison park beach

21  a man wearing a thong of an extreme style and zaitzeff placed that photo on one of his websites.

22        Any attempted denial by the city of Seattle that women and men at Madison Park at times

23  wear a thong as swimwear or panties for sunbathing or swimming would mean only that zaitzeff

24  provide more photos, more testimony or more witnesses of such.  Is that really necessary?

25  RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

1    In fact, it is commonly knowledge to anyone who has paid attention and visited Madison park

2  beach over the years.

3    At Alki beach there are on Saturdays groups of persons who regularly play volleyball on the

4  beach. If by thong in our definition or understanding of the word, we take a wider view and we

5  include within it the category of thongs those panties or swimwear of which a part of the fabric

6  falls within the gluteal cleft, with the result that some of the cleft is exposed to view

7  then it appears that women at Alki also at times are in a thong or item of similar quality, though the

8  degree of exposure is less among volleyball players than the ordinary sunbathers such as we

9  commonly see sunbathing at Madison.

10    On Saturday, August 4, 2018, plaintiff zaitzeff walked at Alki for an hour or so. There were in

11  fact 3 SPD officers on bicycle patrol all along Alki beach and Alki avenue during the time that zaitzeff

12  was present, yet, none of them seemed engaged in checking the exposure of thongs or items of

13  clothing creating the exposure of gluteal cleft of the women walking, sunbathing or playing volleyball.

14    Photos are attached from plaintiff zaitzeff's walks at Alki on Saturday and Sunday, August 4

15  and August 5, 2018. These are attachments numbered #10 to #15.

16    One or more photos is attached of possible plaintiff miss J while posing and in the white

17  thong, taken on August 1, 2018 shortly before the confrontation by Haag. These are #16 and 17.

18    One or more photos is attached of possible plaintiff miss J while posing and in the black

19  thong, taken on August 1, 2018 shortly before the confrontation by Haag. This is #18.

20    After being confronted by Haag, plaintiffs took a photo of the Madison beach from the area of

21  the confrontation, to demonstrate the lack of bystanders. This is photo #19.

22    After being confronted by officer Haag, plaintiffs miss J, zaitzeff and others went to the

23  person who seemed to be the leading lifeguard of Madison park beach who gave his name as Mack.

24

25
RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

1  During photography, Mack had approached the group to warn them to not go into the water

2  due to the chemicals. He had no concern or comment about plaintiff Gabby's being topfree.

3  Plaintiffs asked Mack if he regarded the attire or lack of attire previously worn of Jacobsen to

4  be a cause of reasonable affront, speaking of the time that she was topfree and in a thong. Mack

5  said no, he did not. Mack also said that the parks department had the view that nude is not lewd.

6  To be lewd there must be additional conduct or action, he implied. Mack is a Seattle parks

7  employee who says he has worked for the parks for the last 11 years.

8  During part of the confrontation by Haag of miss J, Haag said the conversation was being

9  recorded. It is likely or possible that some or all this was recorded on video and audio. If so,

10  defendant the city of Seattle may choose to provide its own photos of miss J and this confrontation.

11  It seems possible that officer D Haag did not realize that Miss J was in a thong rather than

12  nude. It is entirely possible for a man to be polite and not rude, even some unobservant police

13  officers. Whether officer Haag realized that Miss J was wearing a thong at the time of the

14  confrontation we do not know.

15  However, the Seattle online crime map, later that day, showed no 911 call as having been

16  made or logged in regards to nudity or semi-nudity at the Madison beach park location. It appears

17  that no such 911 call was logged in, for no reasonable reason. Perhaps no such call was ever

18  made.

19  Plaintiff attaches the copy of the Seattle online crime map taken from the internet at 10:16

20  p.m. of August 1, 2018 showing no 911 calls logged into or in regards to actions at Madison park

21  beach re nudity from that afternoon.

22  In fact, there were no calls at all logged in and responded to in regards to Madison park

23  beach in the time frame viewed, which was the previous 24 hours. This is attachment #     .

24  The statement of Haag that "If someone has complained, this is a crime," does not comport

25  RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE

1  with usual SPD policy and norms, which is to investigate and evaluate each situation of public nudity

2  or semi-nudity individually and to make requests, suggestions or adjustments as needed, if needed.

3        Plaintiff has personally expected the more usual policy at Greenlake, in which, if there was a

4  slight problem, the officer on scene made a relatively minor suggestion to reduce problems.

5

6

7                                    Cause of Action

8

9        Photography and art at times includes nudity or semi-nudity either in private or in public.

10 When such nudity is not suppressed by a meaningful indecent exposure law with a reasonable

   purpose, the photography and its related conduct is protected free speech.  The actions of Haag

11 suppressed free speech, the creation of art, for both the model and the photographers.

12

13       The action of Haag was abusive and wrong, given that *he did not give a reasonable*

14 *explanation for it* nor any meaningful reasonable guidelines or alternatives to the photography taking

15 place.

16

17

                                    Relief requested
18

19       Therefore the plaintiff requests the following—a finding that the action of SPD officer Haag

20 on August 1, 2018 at Madison park beach was frivolous, abusive and contrary to SPD norms and

21 policy because he did not properly state, interpret and apply the law, nor resolve the situation by

22 offering reasonable suggestions;

23
        an order to all SPD sergeants and patrol officers that, if and when they encounter a case of
24
   public nudity or semi-nudity which is potentially implicated by rcw 9A.88.010 or SMC 12A.10.130,
25

1 AND if the officer believes the the nudity rises to the level of violation of the RCW or SMC that the

2 officer state to the persons who may be in violation of the law why he regards the nudity or semi-

3 nudity of them as a cause of reasonable affront—not merely that a person  had complained AND

4 that if the attire of the person is perhaps unreasonable, that the officer give guidance for the specific

5 context, guidance more meaningful than that, "Someone has complained; this is illegal," and such

6 guidance by an officer include objectively reasonable suggestions;

7       And, this complaint may be amended in a few months to seek financial damages in the

8 amount of several million dollars, assessed jointly and severally against the city of Seattle and Haag.

9

10

11       Dated this 7 of August, 2018.

12

13       David Zaitzeff

14       David Zaitzeff

15

16

17

18

19

20

21

22

23

24

25

RE POOR CONDUCT OF SPD OFFICER HAAG IN RESPONSE TO AN ALLEGED OR FRIVOLOUS
COMPLAINT OF INDECENT EXPOSURE



**Sgt. D. Haag #6051**
East Precinct Patrol

T: 206 684-4300
C: 206 348-3051
devlin.haag@seattle.gov

East Precinct
1519 12th Ave
Seattle, WA 98122-3907

Incident #_____



























15





/6

17









## 911 Incidents & Police Reports

### 911 Incidents

This map shows all the Police responses to 9-1-1 calls within the city up to the last 24 hours. Police response data shows all officers dispatched. To protect the security of a scene, the safety of officers and the public, and sensitive ongoing investigation, these events will populate the map only after the incident is considered safe to close out.

### Police Reports

For data more than 24 hours ago, please visit the City of Seattle Open Data portal.

Lake Washington Blvd E

MADISON PARK

42nd Ave E
43rd Ave E