THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ZAITZEFF,

        Plaintiff,

v.

THE CITY OF SEATTLE, *et al.*,

        Defendants.

CASE NO. C18-1376-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 9) Plaintiff's complaint (Dkt. 1-1). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

On August 1, 2018, Plaintiff David Zaitzeff was among a group of people taking photos of a topless woman on a beach in Madison Park. (Dkt. No. 1-1 at 3–4.) A Seattle Police Department officer, Defendant Haag, approached the group and told the topless woman that he had received a complaint and that she had to cover up. (*Id.* at 4–5.) The complaint does not allege that Defendant Haag issued any citations or brought any of the participants into custody. (*See id.*) After the confrontation with Defendant Haag, the photoshoot ended. (*See id.*)

Plaintiff subsequently challenged the constitutionality of Washington Criminal Code section 9A.88.010(1) (the "indecent exposure statute"), which states that "[a] person is guilty of

indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." Wash. Crim. Code § 9A.88.010(1). Plaintiff alleges that Defendant Haag applied that statute to the group and required the model to put on additional clothing, ending the photoshoot. (*See generally* Dkt. No. 1-1.) Plaintiff alleges that Defendant Haag's application of the indecent exposure statute is a violation of Plaintiff's First Amendment rights because Defendant Haag's conversation with the group stopped the group's protected activity and chilled Plaintiff from engaging in the activity in the future. (*See generally id.*) Plaintiff also alleges that he suffered economic harm as a result of Defendant Haag's interference because Plaintiff was contractually obliged to, and did in fact, pay the model in full for the photoshoot.[1] (*See* Dkt. No. 12-1.) Defendants City of Seattle and Haag move to dismiss Plaintiff's claims for lack of standing and lack of ripeness. (Dkt. No. 9.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor," and then determining whether the allegations are legally sufficient to invoke jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If the plaintiff lacks standing, then the court lacks subject matter jurisdiction and the case must be dismissed. *See*

---

[1] "When deciding a motion to dismiss for lack of subject matter jurisdiction, the Court may 'rely on affidavits or any other evidence properly before the court.'" *Rabang v. Kelly*, Case No. C17-0088-JCC, Dkt. No. 62 at 4 n.4 (W.D. Wash. 2017). After Defendants filed their motion to dismiss, Plaintiff filed an affidavit alleging economic harm. (See Dkt. No. 12-1.) Therefore, the Court may consider this harm in determining whether Plaintiff has standing.

ORDER
C18-1376-JCC
PAGE - 2

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). In determining whether Plaintiff has standing, the Court takes as true all of the allegations in the complaint.

**B.     Standing**

Defendants argue that Plaintiff has failed to establish standing because he has not suffered any actual harm, as the indecent exposure statute was not applicable to Plaintiff on the day in question. (*See* Dkt. No. 9 at 8–9.) In response, Plaintiff argues that Defendants interfered with his First Amendment protected activity and caused him economic harm, both of which constitute an injury. (*See* Dkt. No. 12 at 1–2.) To establish standing, Plaintiff must show that (1) he has suffered injury-in-fact, (2) the injury is fairly traceable to the challenged law, and (3) the requested relief would redress that injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

1. <u>Injury-in-Fact</u>

In order to constitute a cognizable injury, the injury must be both "concrete and particularized" and "actual or imminent," as opposed to "conjectural or hypothetical." *Id.* at 560 (internal quotations omitted). Construing the complaint broadly, Plaintiff has alleged three injuries. First, Plaintiff alleges he was injured when Defendant Haag stopped the photoshoot because Plaintiff's photography was protected activity under the First Amendment. (*See* Dkt. No. 1-1 at 13.) Second, Plaintiff alleges that, despite the photoshoot ending prematurely, Plaintiff was obliged to, and did, pay the model in full. (*See* Dkt. No. 12-1.) Finally, Plaintiff alleges that his First Amendment right to photograph topless models is chilled because of Defendants' conduct in this case. (*See* Dkt. No. 1-1 at 7.)

   *a.  Plaintiff's Photography as First Amendment Activity*

Whether Defendant Haag's interruption of the photoshoot constitutes a cognizable injury turns on whether Plaintiff's conduct was constitutionally-protected free speech. The Ninth Circuit has held that there is no distinction "between the *process* of creating a form of pure speech (such as writing or painting) and the *product* of these processes (the essay or the artwork)

in terms of the First Amendment protection afforded." *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1061 (9th Cir. 2010) (emphasis added). Because the photograph itself would undoubtedly be subject to First Amendment protection, *see Kaplan v. California*, 413 U.S. 115, 119–20 (1973), the photography process, itself, also is. *See Anderson*, 621 F.3d at 1061. Plaintiff's First Amendment protected activity was stopped on the day in question and he therefore suffered a cognizable injury.

### b. Economic Harm

It is well-established that economic harm constitutes legally cognizable injury for purposes of establishing standing. *See, e.g., Sierra Club v. Morton*, 405 U.S. 727, 733–34 (1972). Here, Plaintiff alleges that he was obliged to pay the model a fee for her services and did in fact pay her in full, despite the fact that Defendant Haag stopped the photoshoot prematurely. (Dkt. No. 12-1.) This financial loss is sufficient to establish injury.

### c. Chill on Plaintiff's First Amendment Activity

With regard to the final injury alleged by Plaintiff, although chill on the exercise of First Amendment rights is sufficient injury-in-fact, Plaintiff must reasonably fear prosecution *of himself* in order for the exercise of his rights to be chilled. *See, e.g., Libertarian Party of L.A. Cty. v. Bowen*, 709 F.3d 867, 869–70 (9th Cir. 2013); *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003). Plaintiff cannot claim that he suffers from chilled First Amendment rights because Plaintiff suffers no fear of prosecution under the relevant statute. As its name indicates, the indecent exposure statute proscribes indecent exposure and Plaintiff does not allege that he wishes to engage in such conduct. Construing the complaint liberally, Plaintiff instead alleges that he wishes to continue to photograph topless models. (*See generally* Dkt. No. 1-1.) Moreover, in the complaint, Plaintiff casts doubt on whether the Seattle Police Department will, in the future, apply the indecent exposure statute to any models that Plaintiff works with because he alleges that Defendants are in fact largely tolerant of nude activities. (*See* Dkt. No. 1-1 at 9.) The "chill" in Plaintiff's alleged harm is absent—Plaintiff cannot fear prosecution of a

statute that is inapplicable to him.

In sum, Plaintiff has alleged two cognizable injuries—(1) that his First Amendment protected activity was stopped on the day in question, and (2) that he suffered economic harm when he was obliged to pay the model in full for the prematurely-ended photoshoot. Therefore, Plaintiff has alleged facts sufficient to meet the injury prong of the standing analysis.

2. <u>Causation</u>

Plaintiff's injuries must be fairly traceable to the indecent exposure statute, and "not . . . the result of the independent action of some third party not before the court." *See Lujan*, 504 U.S. at 560–61 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). Although the causal chain between the injury and the challenged statute may have more than one link, the links must not be hypothetical or tenuous. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 849 (9th Cir. 2002).

*a. Plaintiff's Photography as First Amendment Activity*

The causal connection between Plaintiff's conduct and the indecent exposure statute is tenuous. Even if the Court were to assume that the indecent exposure statute was applied on the day in question, it was applied to the model, not to Plaintiff. Plaintiff's photoshoot was stopped because the model chose to comply with Defendant Haag's request, not because the law proscribed Plaintiff's conduct and not because Defendant Haag was stopping Plaintiff's conduct.

If Plaintiff were granted standing based on the fact that he was engaged in photography (a First Amendment protected activity, as described above) of a crime, it follows that any potential plaintiff could be granted standing to challenge the constitutionality of any criminal law simply because they were photographing the person violating the law. Defendants prevented the model's behavior, not Plaintiff's, at this particular place and at this particular time. The model's choice to comply with Defendant Haag's request stopped Plaintiff's activity. The connection between the statute and the termination of Plaintiff's photography is tenuous and, therefore, not fairly traceable to the indecent exposure statute.

### b. *Economic Harm*

The connection between the statute and Plaintiff's economic harm is also too tenuous to be described as fairly traceable to the indecent exposure statute. As discussed above, the model's decision to comply with Defendant Haag's request is what ended Plaintiff's photoshoot session at that particular place and time. There are no facts alleging that Defendant Haag's request directly interfered with the contract between Plaintiff and the model or that the contract specifically provided for a photoshoot at this location under these circumstances. Construing Plaintiff's affidavit broadly, the photoshoot could have continued under different circumstances or at a different location, but Plaintiff chose to end the photoshoot prematurely and chose to pay the model in full, despite the fact that the photoshoot ended early. Plaintiff's economic harm is not fairly traceable to the indecent exposure statute.

Because none of Plaintiff's alleged harms are fairly traceable to the indecent exposure statute, Plaintiff has failed to allege facts sufficient to establish that he has standing.[2] Because this Court lacks jurisdiction unless Plaintiff has standing, the case must be dismissed.[3]

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 9) is GRANTED. Plaintiff's complaint is dismissed without prejudice and with leave to amend. If Plaintiff chooses to file a new complaint, he must allege specific facts establishing a cognizable injury that is fairly traceable to the indecent exposure statute. The amended complaint must be filed within 30 days of the issuance of this order.

//

//

//

---

[2] Because none of Plaintiff's alleged harms are fairly traceable to the indecent exposure statute, the Court need not, and does not, address the redressability of Plaintiff's injuries.

[3] Because the Court finds that Plaintiff lacks standing, the Court declines to address whether Plaintiff's claims are ripe.

1     DATED this 14th day of November 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE