THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ZAITZEFF,

    Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

    Defendants.

CASE NO. C18-1376-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss the amended complaint (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The facts of this case have been set forth in a prior order and the Court will not repeat them here. (*See* Dkt. No. 17 at 1–2.) After the Court dismissed Plaintiff's claims without prejudice, Plaintiff filed an amended complaint. (Dkt. No. 20.) Defendants subsequently moved to dismiss the amended complaint for lack of standing. (Dkt. No. 21.)[1]

---

[1] In his response to Defendants' motion to dismiss, Plaintiff makes passing reference to Fourth Amendment and unlawful detention claims. (*See* Dkt. No. 22 at 10.) The officer's body camera footage makes clear that there was no detention. (Dkt. No. 11.) Even if the model was detained, Plaintiff would not have standing to pursue such a claim. *See, e.g.*, *Martinez v. Nygaard*, 831 F.2d 822, 825 (9th Cir. 1987) ("Fourth amendment rights may not be vicariously asserted.").

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court lacks subject matter jurisdiction if a plaintiff lacks standing to pursue his claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). "The party invoking federal jurisdiction bears the burden of establishing these elements [of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[In] a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In contrast, in a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Although Defendants appear to allege that they are making a facial attack (*see* Dkt. No. 21 at 6–7), Defendants converted their motion to dismiss into a factual attack when they presented extrinsic evidence to the Court (*see* Dkt. No. 11) that directly contradicts Plaintiff's assertions in the amended complaint (*see* Dkt. No. 20 at 3).[2] *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In resolving a factual attack, the court may "rely on affidavits or any other evidence properly before the court." *Rabang v. Kelly*, Case No. C17-0088-JCC, Dkt. No. 62 at 4 n.4 (W.D. Wash. 2017).

//
//

---

Because amendment to add these claims would be futile, the Court DENIES Plaintiff leave to amend his complaint to add these claims.

[2] Additionally, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The evidence before the Court contradicts Plaintiff's claims of standing. (*See* Dkt. No. 11.)

**B. Standing**

The Supreme Court has held that to establish standing, a plaintiff must demonstrate that (1) he has suffered injury-in-fact, (2) the injury is fairly traceable to the challenged law, and (3) the requested relief would redress that injury. *Lujan*, 504 U.S. at 560–61.

1. <u>Injury-in-Fact</u>

In order to constitute a cognizable injury, the injury must be both "concrete and particularized" and "actual or imminent," as opposed to "conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations omitted). Plaintiff alleges the same injuries as in his original complaint—that he was injured when Defendant Haag stopped the photoshoot because Plaintiff's photography was protected activity under the First Amendment (Dkt. No. 20 at 15) and that he suffered economic harm (Dkt. No. 22 at 3).

*a. Plaintiff's Photography as First Amendment Activity*

Whether the interruption of the photoshoot constitutes a cognizable injury turns on whether Plaintiff's conduct was constitutionally-protected free speech. The Ninth Circuit has held that there is no distinction "between the *process* of creating a form of pure speech (such as writing or painting) and the *product* of these processes (the essay or the artwork) in terms of the First Amendment protection afforded." *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1061 (9th Cir. 2010) (emphasis added). The Supreme Court has held that photographs are subject to First Amendment protection. *Kaplan v. California*, 413 U.S. 115, 119–20 (1973). Thus, Plaintiff's act of taking the photographs is undoubtedly protected by the First Amendment. *See Anderson*, 621 F.3d at 1061. Plaintiff's First Amendment protected activity was stopped on the day in question and he therefore suffered a cognizable injury.

*b. Economic Harm*

Additionally, Plaintiff alleges that he had to pay the model a fee for her services, despite the fact that Defendant Haag stopped the photoshoot prematurely. (Dkt. No. 22 at 3.) It is well-established that economic harm constitutes legally cognizable injury for purposes of establishing

standing; thus, Plaintiff's financial loss is sufficient to establish injury. *See, e.g., Sierra Club v. Morton*, 405 U.S. 727, 733–34 (1972).

2. Causation

Plaintiff's injuries must be fairly traceable to the indecent exposure statute, and "not . . . th[e] result [of] the independent action of some third party not before the court." *See Lujan*, 504 U.S. at 560–61 (alteration in original) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). Although the causal chain between the injury and the challenged statute may have more than one link, the links must not be hypothetical or tenuous. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 849 (9th Cir. 2002). The Court dismissed Plaintiff's first complaint because it failed to allege that Plaintiff's injuries were fairly traceable to the indecent exposure statute. (Dkt. No. 17 at 6.) The Court instructed Plaintiff to file an amended complaint curing this deficiency. (*Id.*) Plaintiff's amended complaint fails to do so.

*a. Plaintiff's Photography as First Amendment Activity*

Here, as in his initial complaint, the causal connection between Plaintiff's injury and the indecent exposure statute is tenuous. Plaintiff's claims suffer from the same deficiencies outlined in the Court's prior order. (*See* Dkt. No. 17 at 5.) The only new, legally relevant allegation that Plaintiff makes in his amended complaint is that Defendant Haag unlawfully ordered the model to "put clothes back on" and, additionally, told *the group of photographers*, including Plaintiff, that "this has to stop." (Dkt. No. 20 at 3.) Plaintiff thus alleges that Defendant Haag made a direct order to Plaintiff, forcing Plaintiff to stop his protected activity. (*Id.*)

However, the officer's body camera footage directly contradicts Plaintiff's assertion that Defendant Haag told Plaintiff to stop photographing the model; the footage only supports the assertion that Defendant Haag told the model to put clothes on. (*See* Dkt. No. 11.) Even if the Court were to assume that Defendant Haag was applying the indecent exposure statute to the model, there is no evidence that *Plaintiff's* conduct was stopped on the day in question. (*Id.*) Plaintiff's photoshoot was stopped because the model chose to comply with Defendant Haag's

request, not because Defendant Haag made any directive to Plaintiff or because the law proscribed Plaintiff's conduct. The connection between the statute and the termination of Plaintiff's photography is tenuous and, therefore, not fairly traceable to the indecent exposure statute.

### b. Economic Harm

The connection between the statute and Plaintiff's economic harm is also too tenuous to be described as fairly traceable to the indecent exposure statute. Plaintiff's new complaint and responding brief allege no new facts to support a causal link between any economic harm suffered and the indecent exposure statute. (*See* Dkt. Nos. 20, 22.) Plaintiff has failed to allege any facts relating to the contract between Plaintiff and the model that would indicate that it was Defendant Haag's direction which caused Plaintiff to end his photoshoot. Instead, the facts indicate that Plaintiff and the model's decision not to continue the photoshoot at another time or location was the cause of Plaintiff's economic harm. (*See* Dkt. No. 20.) Plaintiff's economic harm is not fairly traceable to the indecent exposure statute.[3]

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 21) is GRANTED. Plaintiff's claims are DISMISSED with prejudice.[4]

//
//
//
//

---

[3] Because the Court finds that Plaintiff's injuries are not fairly traceable to the indecent exposure statute, the Court declines to address redressability.

[4] Dismissal with prejudice is proper here for two reasons: (1) Plaintiff has had a prior opportunity to cure the jurisdictional deficiencies in his complaint and has failed to do so (s*ee* Dkt. Nos. 17, 20) and (2) further amendment would be futile because Plaintiff's lack of standing is an insurmountable hurdle to challenging the indecent exposure statute.

1 DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE